THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JORGE GARCÍA FÉLIX, Defendant and Appellant.

No. CR-63-371.      Decided March 10, 1964.

*Faustino R. Aponte* and *Alejo Rivera Morales* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *María Luisa B. Fuster, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Appellant was accused of the offenses of Attempt to Kill and Violation of § 4 of the Weapons Law. The cases were tried jointly. The jury which sat at the trial of the felony case acquitted the defendant but the judge who presided at the trial found him guilty of the misdemeanor and sentenced him to one year in jail. He appealed from this judgment and alleges that the trial court committed manifest error in the weighing of the evidence.

---

■ We do not agree. The evidence for the prosecution believed by the trial judge established that on the day of the events, the defendant-appellant attacked Cipriano Burgos Carmona with a dagger inflicting several wounds on him; that both struggled and fell to the ground and in the wrestling the appellant was also wounded. His theory, supported solely by his own testimony, was to the effect that Burgos attacked him with a dagger and in the struggle he snatched the dagger from him and wounded his assailant. Appellant maintains that the trial judge should not have believed the victim because the facts as related by him are improbable. However, it is not improbable that in a struggle in which both contenders are engaged, and while the victim Burgos Carmona tried to avoid the assault and wrestled with the aggressor, both on the ground, the latter received an incised wound in his face. The sole testimony of the victim, if believed and considered not improbable, as in this case, is sufficient to support appellant's conviction. *People* v. *Martínez*, 55 P.R.R. 718 (1939).

■ The trial judge settled the conflict of the evidence against the defendant and that evidence shows that he was carrying a prohibited weapon at the place and date alleged in the information. We are not convinced that the trial court abused its discretion in weighing the evidence nor that it committed manifest error for which we shall not disturb its conclusion on appeal. *People* v. *López Rodríguez*, 88 P.R.R. 459 (1963); *People* v. *Martínez, supra.*

The case of *People* v. *Ramírez*, 52 P.R.R. 470 (1938), cited by the defendant, is distinguishable. There the revolver was seen shortly before the events in the possession of the victim. Besides, at the very moment of the event, the victim stated that the revolver with which he had been wounded was his own. There are in addition other facts, related by the witnesses in that case, all of which show that the defendant

there was not carrying the aforesaid revolver; but the facts in the present case, as we have briefly stated them, do not tend to establish a reasonable doubt as to the guilt of the appellant.

The judgment rendered by the Superior Court will be affirmed.